## Hetrick v. Heicher et ux.

618

*John H. Bream*, for plaintiff.
*Nolan F. Ziegler*, for defendants.
*Martin H. Lock*, for garnishee.

PER CURIAM, January 3, 1950.—There is before us for disposition our rule granted upon plaintiff to show cause why judgment in ejectment in favor of plaintiff and against these defendants should not be opened, and further to show cause why plaintiff's writ of fieri facias issued on judgment entered against defendants for rent due should not be stayed.

Plaintiff lessor entered into a written lease with these defendants, under the terms of which he demised to defendants certain real estate in the City of Harrisburg with dwelling house thereon situate. The lease contained a warrant of attorney authorizing the confession of a judgment in favor of the lessor and against defendants for rent due in the event that there was any default on the part of defendants in the payment of rent. The lease also contained a warrant of attorney authorizing confession of judgment in an amicable action of ejectment against defendants in the event that defendants committed any default under the terms of the written lease.

Claiming there had been a default under the lease, plaintiff instituted an amicable action of ejectment, and at the instance of plaintiff, judgment was entered in that action upon defendants' confession. Plaintiff filed with the confession of judgment an affidavit of default. In this affidavit plaintiff averred that rent was past due and in default in the sum of $540. Without exercising the warrant authorizing the confession of judgment for rent alleged to be due, plaintiff caused to be entered in the office of the prothonotary a judgment against defendants in the amount of $540, to the same term and number as the judgment in ejectment.

Thereupon, plaintiff directed by praecipe the issuance of a writ of habere facias possessionem at September term, 1948, no. 35, directing the sheriff to cause the possession of the premises to be delivered to plaintiff. Also, by separate praecipe, at September term, 1948, no. 36, plaintiff directed the issuance of a writ of fieri facias directing the sheriff to levy on the goods and chattels of defendants for satisfaction of the judgment in the amount of $540.

Defendants then presented to the court their petition to open the judgment in ejectment and stay the writ of execution which had been issued. The petition alleges, inter alia, certain facts tending to show that because of a subsequent parol modification of the written lease there had been no default in the payment of the rent due, and sets up certain other claims on the merits which tended to establish that plaintiff had no authority to confess judgment in the amicable action of ejectment. The petition prayed for a rule on plaintiff to show cause why the judgment in ejectment should not be opened, and defendants permitted to make a defense, and the writ of execution stayed.

After the granting of the rule but before the service thereof, the sheriff executed the writ of possession, causing the premises to be delivered to plaintiff, and

defendants to be evicted therefrom. The sheriff, likewise before service of the rule, caused the goods and chattels of defendants to be sold in execution, plaintiff having bought in the same at the sale for the sum of $75. The rule which contained a stay of all proceedings until after the determination thereof was served upon plaintiff immediately after the two writs were executed by the sheriff.

Thereupon defendants, in order to get possession of their personal property levied upon and sold to plaintiff at the sheriff's sale, put up in escrow with defendant's counsel, to await the outcome of this proceeding, the sum of $540, representing the principal amount of the judgment plus $75 in costs. These escrowed moneys in the total amount of $615 were deposited with counsel in lieu of the actual delivery to plaintiff of the personal property which was sold to him at the sale.

The matter is now before us on the petition and rule granted thereon, the answer thereto, together with depositions and stipulations of certain facts by counsel. The question raised by the petition and answer is whether the rule to open the judgment in ejectment and stay the writ of execution should be made absolute. There is, however, another most important question raised in this record, namely, whether the money judgment upon which the writ of fieri facias issued had any validity. Although this latter question is not raised in plaintiff's petition, we find that it is essential to dispose of this question.

The action of ejectment being a possessory action, and plaintiff now being in possession, there is nothing properly before us upon which we can act. Accordingly, therefore, the rule to open the judgment in ejectment must be discharged.

The record reveals that there was never any money judgment confessed in the amount of $540, but merely that plaintiff made affidavit of default in the ejectment action, and thereupon the prothonotary entered a judgment in that amount. A warrant of attorney to confess judgment in ejectment, and a warrant of attorney to confess a money judgment for rent due are two different matters. Both must be exercised before the prothonotary can enter a judgment in ejectment and also a money judgment for rent due. The warrant exercised in the confession of judgment in ejectment in this case will not support the money judgment entered. This money judgment was entered without any authority whatsoever, and is a mere nullity and is void. The fieri facias issued pursuant to this void judgment was likewise null and void, as was the sale held pursuant thereto.

The sale being under a void judgment, plaintiff bought nothing at the sale and could acquire no interest in the goods and chattels of defendant purchased at the sale. Since the sum of $540, representing the amount of the money judgment, is held in escrow, in substitution for plaintiff's possession of the personal property bought at the sale, and since plaintiff bought nothing at the sale because the judgment and sale thereon were void, it must necessarily follow that plaintiff acquired no interest whatsoever in the sum of $540 held in escrow. Hence, the escrowed moneys to the extent of $540, being the amount of the money judgment, are returnable to defendants.

Defendants must pay the costs in the amicable action of ejectment. Plaintiff must pay the costs accrued on the entry of the money judgment, the fieri facias issued thereon, the levy and all proceedings had in connection therewith. The sum of $75 held by defendants' counsel in escrow, representing costs, is to be

disbursed to the respective parties in accordance with the disposition of costs which are made herein.

And now, January 3, 1950, the rule to open the judgment in ejectment is discharged, and the judgment in the sum of $540 is stricken off, and all proceedings thereon vacated; costs are to be disposed of as hereinabove indicated.